IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| DANIEL THOMASON SMITH | § | |
| VS. | § | CIVIL ACTION NO. 1:19-cv-218 |
| FCI BEAUMONT, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Daniel Thomason Smith, a prisoner confined at the Federal Correctional Institution in Beaumont, Texas, proceeding *pro se* and *in forma pauperis*, filed this civil action pursuant to *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971),[1] against the Federal Correctional Institution in Beaumont, Warden Dallas B. Jones, and the Director of the Bureau of Prisons.

The action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background[2]

Plaintiff alleges he was injured by another inmate on February 16, 2019, while he was confined at the Federal Correctional Institution in Beaumont, Texas. Plaintiff alleges another inmate shoved him backwards, causing Plaintiff to hit his head on the cement floor and injure his wrist. Plaintiff alleges a correctional officer arrived within seconds, and Plaintiff was escorted to the medical department by a lieutenant. Plaintiff alleges he was denied immediate treatment by the nurse on duty, who made Plaintiff sit in the waiting area because she was busy.

---

[1] Plaintiff also cited the Federal Tort Claims Act (FTCA) as the basis of this court's jurisdiction. The FTCA claims against the United States were dismissed on September 17, 2020, because Plaintiff did not exhaust administrative remedies with the Bureau of Prisons before he filed this action.

[2] On July 24, 2019, Plaintiff filed a Motion to Amend Complaint to identify the United States as a defendant to his FTCA claims. (Doc. #9.) The Motion was granted pursuant to Federal Rule of Civil Procedure 15(a)(1)(A), and Plaintiff's proposed amended complaint that was attached to the Motion is the live pleading in this action. (Doc. #13.)

Plaintiff alleges that he was transported to the Beaumont Bone and Joint Institute for an examination and x-rays on February 22, 2019, and surgery was performed on Plaintiff's broken wrist on March 4, 2019. Plaintiff alleges the delay in sending him to the Beaumont Bone and Joint Institute violated his Eighth Amendment right to be free from cruel and unusual punishment.

## Standard of Review

An *in forma pauperis* proceeding may be dismissed pursuant to 28 U.S.C. § 1915(e) if it: (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from such relief.

A complaint, containing as it does both factual allegations and legal conclusions, is frivolous if it lacks an arguable basis either in law or fact. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

A complaint does not need detailed factual allegations, but the plaintiff must allege sufficient facts to show more than a speculative right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate if the complaint does not include enough facts to state a claim that is plausible on its face. *Id*. at 570. Conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim. *Id*. at 555. The plaintiff must plead facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Analysis

Pursuant to 28 U.S.C. § 1915A, the court is required to screen complaints filed by prisoners prior to service of the defendants and dismiss any portions of the complaint that are frivolous, malicious, or fail to state a claim upon which relief may be granted. *See also* 28 U.S.C. § 1915(e) (requiring the court to dismiss complaints filed *in forma pauperis* if the action is frivolous, malicious, or fails to state a claim). Due to the evolving nature of the case law in this area, it is appropriate for the court to *sua sponte* consider whether Plaintiff has stated a claim for relief under *Bivens* before issuing summonses for the two defendants remaining in this action.

A victim who has suffered a constitutional violation by a federal actor may, in some instances, recover damages in federal court.[3] *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 395-97 (1971). Title 42 U.S.C. § 1983 allows individuals to sue for money damages when their constitutional rights are violated by state officials, but there is no analogous statute allowing individuals to recover damages for violations of their constitutional rights by federal officials. *Ziglar v. Abbasi*, __ U.S. __, 137 S. Ct. 1843, 1854 (2017). An individual's right to recover damages from federal officials for violations of constitutional rights was first recognized by the United States Supreme Court in *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 395-97 (1971). In *Bivens*, the Supreme Court held that there was an implied cause of action for damages under the Fourth Amendment for alleged violations of the plaintiff's right to be free from unreasonable searches and seizures by federal officials. *Id*. at 397. The Supreme Court subsequently extended *Bivens* to create an implied cause of action for failing to provide adequate medical treatment as required by the Cruel and Unusual Punishment Clause of the Eighth Amendment. *Carlson v. Green*, 446 U.S. 14 (1980).

---

[3] Plaintiff identified the Federal Correctional Institution as a defendant. Although a prisoner may bring a *Bivens* claim against an individual federal official in limited circumstances, the prisoner may not bring a *Bivens* claim against the official's employer, the United States, or the Bureau of Prisons. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001). As a result, Plaintiff has failed to state a claim against the prison facility itself.

Although the Eighth Amendment does not explicitly mandate a certain level of medical care for prisoners, the cruel and unusual punishment clause has been interpreted to impose a duty on prison officials to provide inmates with adequate food, clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Stewart v. Murphy*, 174 F.3d 530, 533 (5th Cir. 1999). A prison official's deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment, whether the indifference is manifested by prison doctors or by prison guards. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976); *Domino v. Texas Dep't Crim. Just.*, 239 F.3d 752, 754 (5th Cir. 2001).

An Eighth Amendment claim consists of two components--one objective and one subjective. *Farmer*, 511 U.S. at 839. To satisfy the objective requirement, the plaintiff must prove that he was exposed to a substantial risk of serious harm. *Id.* at 834; *Lawson v. Dallas Cnty.*, 286 F.3d 257, 262 (5th Cir. 2002). The plaintiff must also demonstrate that the defendant was deliberately indifferent to that risk. *See Farmer*, 511 U.S. at 834; *Lawson*, 286 F.3d at 262. The deliberate indifference standard is a subjective inquiry; the plaintiff must establish that the defendant was aware of an excessive risk to plaintiff's health or safety, and yet consciously disregarded the risk. *Farmer*, 511 U.S. at 840-41; *Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002); *Stewart*, 174 F.3d at 534. Under exceptional circumstances, the defendant's knowledge of a substantial risk of harm may be inferred by the obviousness of the risk. *Farmer*, 511 U.S. at 842; *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999); *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994).

Mere negligence, neglect, or medical malpractice does not rise to the level of a constitutional violation. *Domino*, 239 F.3d at 756 ("It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference."); *Hall v. Thomas*, 190 F.3d 693, 697 (5th Cir. 1999) ("[A]llegations of malpractice or negligence will never state a claim under the Eighth Amendment."); *Stewart*, 174 F.3d at 534. Nor does an inmate's disagreement with his medical treatment amount to an Eighth Amendment violation. *Stewart*, 174 F.3d at 537; *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). "Rather, the plaintiff must show that the officials

4

'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Domino*, 239 F.3d at 756 (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)).

Plaintiff has not alleged facts demonstrating that the warden or the Director of the Bureau of Prisons were deliberately indifferent to his serious medical needs. Plaintiff has not demonstrated that either Defendant was aware of Plaintiff's injuries and deliberately delayed his treatment. While the facts might be sufficient to state a claim of medical malpractice, negligent conduct does not rise to the level of a constitutional violation. *Williams v. Hampton*, 797 F.3d 276, 280-81 (5th Cir. 2015) (noting that deliberate indifference requires a state of mind "more blameworthy" than negligence). In this case, Defendants' conduct does not rise to the level of egregious intentional conduct required to satisfy the deliberate indifference standard. *See Gobert v. Caldwell*, 463 F.3d 339, 351 (5th Cir. 2006). Therefore, Plaintiff has failed to state a claim upon which relief may be granted.

## Recommendation

This civil action should be dismissed pursuant to 28 U.S.C. § 1915(e) for failure to state a claim upon which relief may be granted.

## Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by

the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 11th day of April, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE